## LAFAYETTE FURNITURE CO., INC., v. WALTERS ET AL.

(March 7, 1932. Opinion and Decree.)
(April 4, 1932. Rehearing Refused.)
(May 23, 1932. Writs of Certiorari and Review Refused by Supreme Court.)

W. J. & H. W. Waguespack and Borris Burk, of New Orleans, attorneys for plaintiff, appellee.

Paul W. Maloney, of New Orleans, attorney for defendants, appellants.

HIGGINS, J. The Lafayette Furniture Company, Inc., sued the defendants, Miss Opal Walters and Nick Biri, jointly, severally, and in solido, on a written contract of sale of certain furniture, for the sum of $154.95, subject to a credit of $15, or a balance of $139.95.

Defendant Biri filed an exception of no right or cause of action, and, reserving the benefit of the same, filed a general denial.

Miss Walters failed to appear, and judgment by default, as prayed for, was rendered against her; and, on the trial of the case on the merits, there was judgment in favor of the plaintiff against the defendant Biri as prayed for. He alone has appealed.

The record shows that Miss Walters requested Mr. Biri to accompany her to the place of business of the plaintiff for the purpose of purchasing certain furniture. As she desired to make the purchase on credit, the plaintiff required her to have some one of proper credit standing to sign as guarantor of the account. Both Miss Walters and Mr. Biri signed a written contract agreeing to pay for the merchandise $5 cash and the balance at the rate of $12.50 per month. The contract also contained a provision that, in the event payments were not promptly made, the balance would become due and exigible at once, bearing 8 per cent interest, and a further stipulation for 10 per cent attorney's fee for collection.

There is no doubt that the furniture was ordered and delivered, as the defendants directed, and that they signed the contract. Mr. Biri in his testimony states that it was his idea that he was only signing to recommend Miss Walters as a customer, and that, had he known that he was binding himself to pay for the furniture in the event she did not do so, he would not have signed the contract. He further contends that after he signed the contract the plaintiff increased the amount from $140 to $154.95, and that, as he signed as guarantor, he was relieved of all responsibility.

We are not impressed with the defendant Biri's testimony that he did not understand the obligation that he was assuming in signing the contract. The agreement does not say anything about merely recommending Miss Walters, and plainly shows that he was binding himself as a guarantor. His statement that he was relieved of his obligation because the amount of the contract was increased by the plaintiff is equally without merit because it was established that he was the one who gave the order to increase the amount of the account.

For the reasons assigned the judgment appealed from is affirmed.